IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| XIAN CHEN-CHEN, | : | Civil No. 3:16-cv-2517 |
| Petitioner | : | (Judge Mariani) |
| v. | : | |
| CRAIG A. LOWE, et al., | : | |
| Respondents | : | |

## MEMORANDUM

Petitioner, Xian Chen-Chen, a detainee of the Immigration and Customs Enforcement ("ICE"), currently confined in the Pike County Correctional Facility, Lords Valley, Pennsylvania, filed the above-captioned petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner challenges his continued detention by ICE pending removal. (Doc. 1). Specifically, he states that since being taken into ICE custody, he has not received a custody review. (Id.). Petitioner challenges the mandatory detention provision in 8 U.S.C. § 1226(a) and 236(c), arguing that it is unreasonable and unconstitutional. (Id. at p. 6). Petitioner seeks immediate release, or a bond hearing to determine the possibility of release from custody pending removal. (Id. at p. 17). The Government does not oppose Petitioner's request for a bond hearing. (Doc. 4). For the reasons set forth below, the Court will grant a writ of habeas corpus directing the Immigration Judge to conduct a bond hearing to determine if Petitioner is a flight risk or danger to the community.

I.    **Background**

On August 4, 2009, Petitioner, a native and citizen of the Peoples Republic of China, was admitted to the United States as a lawful permanent resident. (Doc. 4-1, Ex. 1).

On March 3, 2016, Petitioner was convicted in two separate cases of Entry of Goods by Means of False Statements in the United States District Court for the Northern District of West Virginia. (Doc. 4-1, Ex. 3, p. 2). Petitioner was sentenced to one month of confinement. (*Id.*).

On or about May 24, 2016, based on Petitioner's conviction, ICE commenced removal proceedings against him charging him as removable from the United States pursuant to section 237(a)(2)(A)(ii) of the Immigration and Nationality Act ("INA"). (Doc. 4-1, Ex. 1, p. 2; Doc. 4-1, Ex. 3, p. 1). He was charged as being removable because he was "convicted of two crimes involving moral turpitude not arising out of a single scheme of criminal misconduct." (Doc. 4-1, Ex. 3, p. 1).

On October 20, 2016, Petitioner was charged with being subject to removal. (Doc. 4-1, Ex. 2, Order of the Immigration Judge). On November 2, 2016, Petitioner appealed the Immigration Judge's October 20, 2016 decision to the Board of Immigration Appeal. (Doc. 1, p. 3). The immigration proceedings remain pending. (*Id.*).

II.   **Discussion**

This Court has jurisdiction over Petitioner's habeas petition and his claims

challenging his prolonged pre-final order detention by ICE at the Pike County Correctional Facility as illegal and unconstitutional. *See Leslie v. Attorney General of U.S.*, 363 F. App'x 955, 957, n.1 (3d Cir. 2010) (*per curiam*) (citation omitted). In considering the petition for writ of habeas corpus, this Court notes that Petitioner is not subject to a final order of removal, as the immigration proceedings remain pending. Thus, this Court is forced to address whether Petitioner is entitled to habeas relief in the nature of his release from the Pike County Correctional Facility pending the outcome of his immigration proceedings, or to order a bond hearing.

Respondent does not oppose Petitioner's request for a bond hearing, and asserts that the Court should order the Immigration Judge to conduct a bond hearing. (Doc. 4, p. 6).

Following Petitioner's 2016 conviction, there did exist a clear legal basis for ICE to detain him pending the outcome of removal proceedings. *See Diop v. ICE*, 656 F.3d 221, 230 (3d Cir. 2011). However, the Courts have cautioned that the constitutionality of detention is also, at least to some extent, a function of the length of detention. *See Diop*, 656 F.3d at 232. Although mandatory detention for some classes of aliens under § 1226(c) is constitutional, Justice Kennedy's concurring opinion in *Demore v. Kim, et al.*, 538 U.S. 510, 532, (2003), helps inform the *Diop* Court's emphasis that continued detention can become unconstitutional unless the government justifies its actions at a hearing designed to

ascertain whether continued detention of the alien is necessary to achieve the law's stated purposes of preventing flight and minimizing potential dangers to the community. *Diop*, 656 F.3d at 233. The Court in *Diop* stresses that, at some point, absent an individualized bond hearing, continued detention becomes presumptively unreasonable. *Id.*

Petitioner has now been detained by ICE for approximately nine (9) months. Although the statutory law does seemingly dictate mandatory custody, "[w]e do not believe that Congress intended to authorize prolonged, unreasonable, detention without a bond hearing." *Hernandez v. Sabol*, 823 F. Supp. 2d 266, 272 (M.D. Pa. 2011). Section 1226(c) authorizes detention for a reasonable amount of time, after which the authorities must make an individualized inquiry into whether detention is still necessary to fulfill the statute's purposes of ensuring that an alien attends removal proceedings and that his release will not pose a danger to the community. *See Diop*, 656 F.3d at 231. Thus, the Court will direct that Petitioner be granted a bond hearing to ascertain whether the immigration court considers him a flight risk or a danger to the community were he to be released pending the outcome of his immigration proceedings.

This Court's decision is entirely consistent with other case law from the Middle District of Pennsylvania, as well as with the *Diop* Court's caution that prolonged detention of an alien (35-month detention in *Diop*), absent an individualized bond hearing, can become presumptively unreasonable. *See Bautista v. Sabol*, 862 F. Supp. 2d 375 (M.D. Pa. 2012).

Following *Diop*, the Middle District Court has ruled that a petitioner, detained for approximately twenty (20) months under § 1226(c), was entitled to release while his appeal of removal was pending in the immigration court and the Board of Immigration Appeals. *See Gupta v. Sabol*, 2011 WL 3897964, *1 (M.D. Pa. 2011). The *Gupta* Court stated that such decisions reflect "a growing consensus within this district and throughout the federal courts [ ] that prolonged detention of aliens under § 1226(c) raises serious constitutional concerns." *Id.* at *2. Thus, although this Court declines to grant the outright release of Petitioner in advance of a bond hearing, Petitioner's detention does require a bond hearing.

A separate Order shall issue.

Date: February 21, 2017

Robert D. Mariani
United States District Judge